## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**ERVIN JAMES HORTON,**
        **Plaintiff,**

**vs.**                        **Case No. 5:11cv219/MP/CJK**

**SECURUS TECHNOLOGIES,**
        **Defendant.**

_____

### ORDER and
### REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. 2). For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* will be granted.

Plaintiff is currently incarcerated at Florida Northwest Reception Center and names Securus Technologies as the defendant in this matter. Plaintiff claims defendant violated his rights under the First and Fourteenth Amendments when it prevented him from communicating with the persons on his inmate telephone agreement and number list. (Doc. 1, pp. 6-7). Plaintiff seeks injunctive and declaratory relief, in addition to punitive damages and costs. (Doc. 1, p. 15).

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  Upon review of the complaint, the undersigned concludes that this case should be dismissed as malicious.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (besides those listed above in Questions (A) and (B))[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No."  (Doc. 1, p. 5).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.  On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed."  (Doc. 1, p. 5) (emphasis added).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No," and disclosed no cases.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 1, p. 15).  Thus, plaintiff has in effect stated that he has initiated no lawsuits in federal court that related to the conditions of his confinement, or that were dismissed prior to service.

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action.  Plaintiff responded to both questions in the negative.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, in light of 28 U.S.C. § 1915(g),[2] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal, can be considerable.[3]

Having reviewed the file, the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least three other civil actions in federal court that were dismissed prior to service.  *Horton v. Bryant, et al.* (case number 3:93cv630), a civil rights case filed in the United States District Court for the Middle District of Florida on May 5, 1993, was dismissed June 10, 1993, prior to service, for plaintiff's abuse of the judicial process.  (Docs. 8, 9).  *Horton v. Singletary, et al.* (case number 4:92cv40217), a civil rights case filed in this court on June 19, 1992, was dismissed May 14, 1993, prior to service, for plaintiff's failure to comply with court orders and as frivolous.  (Doc. 17).  *Horton v. Department of Legal, et al.* (case number 4:92cv40449), a civil rights case filed in this court on November 30, 1992, was dismissed September 29, 1994, prior to service, as frivolous.  (Docs. 32, 33).  These cases, all of which plaintiff filed while incarcerated, may be

---

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (*citing* 28 U.S.C.A. § 1915(g)).

positively identified as having been filed by plaintiff because they bear his Florida Department of Corrections inmate number, DC number 037253.  Nevertheless, when crafting his response to Section IV, Question (D)—which asks whether plaintiff has ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service—plaintiff did not disclose any of these cases in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  When the court cannot rely on the statements or responses made by the parties, such threatens the quality of justice. When, as in this case, the Clerk must go behind a *pro se* plaintiff's sworn declarations in order to uncover the falsity of such declarations, valuable time has been needlessly expended, and other pressing duties of the Clerk and court go untended in the meanwhile.  This court will not tolerate false responses or statements in any pleading or motion filed before it.   Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 5).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  This court must not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (holding *pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 11th  day of July, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).